(65 Misc. Rep. 59.)

## CEBRELLI v. BRADLEY.

(Supreme Court, Appellate Term. November 12, 1909.)

TRIAL (§ 16*)—POSTPONEMENT—GROUNDS—ENGAGEMENT OF COUNSEL—"ACTU- ALLY ENGAGED."

A case having been reached for trial, postponement was requested on an affidavit that plaintiff's daughter was at the point of death. On objection that this was not a legal excuse, the partner of plaintiff's attorney stated that the latter was actually engaged in the trial of a case in the Supreme Court; but, failing to make affidavit that such was the fact immediately, the case was dismissed. The attorney at once made an affidavit that he was then actually engaged in a trial in the Supreme Court, and would be there the entire day, having been directed the day before to be ready on that morning to try the case in the Supreme Court immediately following a case then on trial. The case was not actually tried, however, because, when reached, the attorney for the plaintiff unexpectedly applied for a discontinuance because his client did not appear. Held, that plaintiff's attorney was justified in stating that he was "actually engaged" in the trial of a case in the Supreme Court, and that the dismissal should have been set aside without terms.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 35½; Dec. Dig. § 16.*

For other definitions, see Words and Phrases, vol. 1, p. 172.]

Appeal from City Court of New York, Special Term.

Action by Antonio Cebrelli against William Bradley. From an order of the New York City Court, granting plaintiff's motion to restore the case to the calendar on terms, plaintiff appeals. Modified and affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Pheil & Bird, for appellant.

James A. Lynch (John H. Mulcahey, of counsel), for respondent.

LEHMAN, J. On May 18, 1909, this case appeared upon the day calendar of the City Court. Mr. Bird, one of the plaintiff's attorneys, then presented an affidavit of his partner, Mr. Pheil, who was to try the case, stating that the plaintiff's daughter was almost at the point of death, and the plaintiff was therefore unable to appear in court. This affidavit was accompanied by a certificate of the attending physician that plaintiff's child was suffering from meningitis and had only a few days to live. The trial justice, upon the objection of the managing clerk of defendant's attorney to an adjournment, stated that this was not a legal excuse. Mr. Bird then stated that his partner, Mr. Pheil, who was to try the case, was actually engaged in the trial of a case in the Supreme Court. He had no affidavit ready, but offered to procure and file one, and, according to the affidavit of the managing clerk of defendant's attorney, he was given 10 minutes to procure the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

affidavit.  At the expiration of the 10 minutes the case was dismissed. Five minutes thereafter, at about 10:35 a. m., an affidavit of Mr. Pheil was presented, which stated that he was actually engaged in the trial of an action in the Supreme Court, and would be engaged there the entire day.  The trial justice directed that the affidavit be filed, and that a motion be made at Special Term to open the default.

It appears by affidavits presented upon that motion that Mr. Pheil was also the attorney for the defendant in a case then pending in the Supreme Court; that the case had been sent to Part 5 for trial; that the attorney for the plaintiff in that action was then engaged in the trial of another action in the same part, and the trial justice directed that the case which Mr. Pheil was to try should await the conclusion of the earlier trial; that on May 17th Mr. Pheil was directed to be ready at the opening of court the next morning; that the earlier case went to the jury on May 17th, and that on May 18th, after the reading of the jury's verdict, Mr. Pheil's case was immediately reached; that the case was not actually tried, because the attorney for the plaintiff in that case at 10:35 unexpectedly asked for leave to discontinue. I find in the record no reason to doubt the good faith of Mr. Pheil in this matter.  The plaintiff's child actually died on the day the adjournment was asked.  I cannot doubt that, if the defendant's attorney had been in court himself, the adjournment would have been granted without objection. There was, therefore, no negligence nor deceit in the failure of Mr. Pheil to present an affidavit that he was engaged in another court.  There was apparently no deceit in the statement that he would be engaged the entire day in the trial of the action, because the attorney for the plaintiff in that action has submitted an affidavit that he had no intention to ask a discontinuance until he found that his client did not intend to appear.

The only question then remaining is whether Mr. Pheil had a right to swear that he was "actually engaged" in the trial of an action.  The rule of the court that actual engagement of counsel is a legal ground for an adjournment is necessary for the proper conduct of the courts, and must be construed with due regard to the orderly procedure of the court's business.  When an attorney is in attendance at a trial part, actually waiting for the immediate commencement of the trial of his case, it would be manifestly improper for another justice to order him to appear before such justice in another case.  A. D. Fiesel v. White Sewing Machine Co., 119 N. Y. Supp. 67.  It might be fairer for an attorney to state the exact facts, rather than rely on the usual form of statement of "actual engagement" in a trial; but failure to do so is not in itself evidence of bad faith.

The circumstances, therefore, present a case where the justice should have granted the motion to open the default without terms, and the order accordingly should be modified, by striking out the terms, and the order affirmed, as modified, without costs on this appeal, but with disbursements to appellant.  All concur.