ANTHONY v. UNITED MACHINE & SUPPLY CO.

(Supreme Court, Appellate Term.    January 21, 1910.)

1. TRIAL (§ 16*)—APPEARANCE OF COUNSEL.
    Counsel is deemed to be actually engaged in trial in the City Court from the time the justice ordered his case to proceed, and no other justice could thereafter, under the Supreme Court or City Court rules, insist that he begin a trial before him in a case not theretofore assigned for trial.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. § 35½; Dec. Dig. § 16.*]

2. COURTS (§ 189*)—DEFAULT—ABSENCE OF COUNSEL—EXCUSE.
    Where plaintiff's counsel did not show by affidavit to the justice of the City Court, when his case was called for trial there, that he was then engaged in another trial in the Supreme Court, as required by the court rules, though he had an opportunity to do so, but merely stated that fact to the City Court justice, he could not have a default judgment of dismissal in the City Court for his nonappearance set aside as a matter of right.
    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

3. JUDGMENT (§ 143*)—DEFAULT—VACATING—TERMS—TRIAL FEE.
    Where plaintiff's counsel did not appear upon trial of his case before the City Court, because he was then before a Supreme Court justice, who sent word to the justice of the City Court that counsel was then engaged before him, the default judgment against plaintiff will be set aside without the imposition of a trial fee, though no affidavit, as required by the court rules, was presented, and whether or not trial had actually begun in the Supreme Court when the case was called in the City Court, so as to authorize the Supreme Court justice's direction to counsel to begin trial in his court; counsel having acted upon his direction in failing to appear before the City Court.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 287, 291; Dec. Dig. § 143.*]

Appeal from City Court of New York, Special Term.

Action by Marcus O. Anthony against the United Machine & Supply Company. From an order opening plaintiff's default upon payment of a trial fee, plaintiff appeals. Affirmed, as modified.

See, also, 113 N. Y. Supp. 1124.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Nathan Burkan, for appellant.
Stephen Van Wyck, for respondent.

LEHMAN, J.   The plaintiff's attorney on October 21, 1909, found himself in the unpleasant predicament of having cases on the calendars of the City Court and of the Supreme Court, which he was ready to try except for the physical impossibility of being in two places at the same time.   At 2 o'clock he was in the Supreme Court with his witnesses ready to have his case called, and at the same hour he was represented in the City Court by his assistant.   It is not quite

clear what occurred in the City Court at that time, but apparently this case was called, and the justice directed the trial to proceed in spite of the fact that the attorney was at that time waiting in the Supreme Court.

It seems to us that the trial justice was technically correct in that direction. The rules of the court require proof by affidavit that counsel is actually engaged in trial in another court before the case could be passed. The trial justice did, however, give the attorney's assistant the opportunity to go to the Supreme Court and direct the attorney to appear in his court to try this case. When the attorney was informed of this, he asked the justice sitting in the Supreme Court to be allowed to go to the City Court; but that justice directed him to tell the justice of the City Court that for the purposes of the City Court engagements he was on trial before him, that he assigned him to his part, and would hear the case as soon as he had disposed of the case now on trial. While counsel must be deemed to have been actually engaged in trial in the City Court from the moment that the justice had ordered his case to proceed, and thereafter no justice, under the rules of the Supreme Court or of the City Court, would insist upon his beginning a new trial before him in a case not theretofore assigned to a part for trial (Fiesel v. White Machine Co. [App. Div., 1st Dept., Oct., 1909] 119 N. Y. Supp. 67, Cebrelli v. Bradley, 65 Misc. Rep. 59, 119 N. Y. Supp. 255), nevertheless it is possible that there were circumstances not disclosed by the record that justified the Supreme Court justice in regarding the trial before him as already begun, and constituted a valid excuse under the rules in the City Court. We need not, however, determine this question here, because counsel apparently relied upon a mere statement of the facts, and no proof by affidavit was presented to the justice of the City Court that he was engaged in trial in another court. The justice thereupon dismissed the case at 3:25 p. m., upon the express ground that no affidavit was presented to the court of the facts.

Counsel had an opportunity to present such an affidavit, and his failure to do so precludes him from demanding that the judgment entered upon his default be set aside as a matter of absolute right. He has, however, made a motion to open his default upon an affidavit stating these facts, and the motion was granted upon the payment of a trial fee of $30. I think the order should be modified, by striking out the provision for the payment of this amount. The attorney was prevented from taking part in the trial of this action by reason of the direction of a justice of this court. If this direction was in fact authorized and proper, then his statement in court, even if not technically sufficient, was under the circumstances hardly a negligent act requiring the imposition of costs. It must be remembered that such an affidavit could not have been prepared before coming to court, and, though it was possible to prepare an affidavit thereafter, I think counsel might well have relied upon the court not requiring formal proof. If this direction was not in fact authorized, then his failure to present an affidavit was immaterial, because under the rules of the court he had no legal excuse. In either event it seems to me improper

to force the plaintiff to pay $30 because his attorney obeyed the direction of a court of which he is an officer.

Order should be modified as stated, and, as modified, affirmed, without costs or disbursements to either party.

DAYTON, J., concurs.　GIEGERICH, J., concurs in result.